IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN ROGERS, | : | No. 3:26cv1135 |
| | : | |
| Petitioner | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PA, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Kevin Rogers ("Rogers"), an inmate confined at the State

Correctional Institution, Camp Hill, Pennsylvania, filed the instant petition for writ

of habeas corpus challenging a decision of the Pennsylvania Parole Board (the

"Board"). (Doc. 1). Rogers invokes a Pennsylvania state statute as the authority

for the filing of this petition for writ of habeas corpus. (Doc. 1, at 1 (citing 42

Pa.C.S. §§ 6501-6503)).

Preliminary review of the petition has been undertaken, and, for the

reasons set forth below, the court will dismiss the petition.

I.    **Background**

Rogers filed the instant petition for writ of habeas corpus pursuant to 42 Pa.

C.S. §§ 6501-6503. (Doc. 1). Rogers challenges the Board's recalculation of his

maximum sentence date to September 20, 2039. (Id.; see also Doc. 1-2).

Rogers requests that the court recalculate his time credits and order the Board to modify its decision.  (Doc. 1, at 7).

II.    **Legal Standards**

    A.    Challenges to Parole Denials Under Section 2254

A state prisoner's challenge to the denial of parole is cognizable under Section 2254.  See Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001) (determining that jurisdiction to entertain state prisoner's habeas petition challenging denial of parole lies under Section 2254 and not 28 U.S.C. § 2241).

As such, a petitioner must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides, in part, as follows:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a…court shall not be granted unless it appears that—

>     (A) the applicant has exhausted the remedies available [to the petitioner];

>     ………………

> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available [to the petitioner].

28 U.S.C. §§ 2254(a), (b).

B.    Screening of Habeas Petitions

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  28 U.S.C. § 2254, Rule 4.

## III.    Discussion

The court finds that Rogers failed to exhaust his state remedies as required by 28 U.S.C. § 2254(b)(1).  To properly exhaust a claim involving a determination of the Board, a petitioner must first file a petition for administrative review with the Board within 30 days of the mailing date of the Board's decision.  See 37 Pa. Code § 73.1.  Once the Board has made a final decision, a petitioner must present his claims to the Pennsylvania Commonwealth Court.  See 42 Pa.C.S. § 763(a).  If dissatisfied with the Commonwealth Court decision, a petitioner must then file a petition for allowance of appeal with the Pennsylvania Supreme Court. See 42 Pa.C.S. § 724; see also Williams v. Wynder, 232 F. App'x 177, 181 (3d Cir. 2007) (a petitioner challenging the revocation of his parole is required to exhaust his available state remedies by filing a petition for allowance of appeal in the Pennsylvania Supreme Court following the Commonwealth Court's adverse decision).  The petitioner bears the burden of demonstrating that he has satisfied

the exhaustion requirement.  See Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000).

From the face of the petition, there is nothing to suggest that Rogers pursued relief in state court.  In fact, Rogers explicitly styled his instant habeas petition as one brought pursuant to the provisions of 42 Pa.C.S. §§ 6501-6503— the state habeas corpus statute.  (Doc. 1, at 1).  Rogers' petition for writ of habeas corpus challenging the Board's parole revocation actions must first be filed with the state court.  This court was unable to find any evidence that Rogers filed an administrative appeal challenging the Board's authority to recalculate his maximum sentence date, or that Rogers filed a petition for review of the Board's decision with the Commonwealth Court of Pennsylvania or the Pennsylvania Supreme Court.  As such, Rogers did not exhaust his claims prior to filing the instant petition in federal court.

## IV.    Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's

4

resolution of [their] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). Because reasonable jurists could not disagree with the resolution of this petition, there is no basis for the issuance of a certificate of appealability. Thus, the court will decline to issue a certificate of appealability, as Rogers has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## V.   Conclusion

Consistent with the foregoing, the court will dismiss the habeas petition without prejudice to Rogers' right to pursue relief in state court, if he so desires.[1]

An appropriate order shall issue.

**Date: May _____, 2026**

**JUDGE JULIA K. MUNLEY**
**United States District Court**

---

[1] The court expresses no opinion as to whether Rogers otherwise meets the requirements for filing in state court.